## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

RANDALL CALLAHAN, et al.,

      Plaintiffs,

      v.

UNITED STATES DEPARTMENT
OF HEALTH AND HUMAN
SERVICES through ALEX M. AZAR
II in his official capacity as Secretary
of the United States Department of
Health and Human Services, and
UNITED NETWORK FOR ORGAN
SHARING, *et al*.,

      Defendants.

Civil Action No.: 1:19-cv-1783-AT

### PLAINTIFFS' MOTION TO UNSEAL

The law in this Circuit is crystal clear that "[m]aterial filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access" and may be maintained under seal only upon a showing of "good cause." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245-46 (11th Cir. 2007).

In late December and earlier this month, the parties filed in connection with Plaintiffs' Renewed Motion for Preliminary Injunction (Doc. 216) and Motion to

Supplement (Doc. 212) certain briefs and accompanying material (Docs. 249, 251, 256, 257, 259).  In light of the urgency for consideration of the motions, the Court permitted these briefs and materials to be provisionally filed under seal "for the time being."  (Doc. 233 at 5; *see also* Doc. 238 at 37).

The circumstances that warranted that provisional sealing have now passed. In addition, the Court has now decided both motions (Doc. 261), heightening the public interest in access.  *Cf. Romero*, 480 F.3d at 1245 (explaining that "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern").  Because there is no "good cause" for continued sealing, these briefs and accompanying material should be unsealed forthwith.

## ARGUMENT

As clearly established by Circuit precedent and articulated by this Court in its Standing Order, "good cause" will "generally only be established where the materials (e.g., documents or testimony) contain *trade secrets*, *personal identifying information*, and *sensitive commercial information*, where public disclosure would result in 'annoyance, embarrassment, oppression, or undue burden or expense.'" (Doc. 22 at 23 (emphasis added) (quoting Fed. R. Civ. P. 26(c)(1)).  But as this Court now knows, having reviewed and considered the parties' filings, *none* of the information in any of the briefs and accompanying materials provisionally filed

under seal falls within any of these three categories.[1]

The case law in this Circuit makes abundantly clear that "good cause" is no gauzy standard but one satisfied only by a specific showing that disclosure will cause "a clearly defined and serious injury" such that there exists a "sound basis or legitimate need to take judicial action." *Mattress Safe, Inc. v. J.T. Eaton & Co., Inc.,* No. 1:18-CV-2915-MHC, 2019 WL 2714498, at *12 (N.D. Ga. Jan. 15, 2019) (Cohen, J.) (citations omitted). The party seeking non-disclosure bears the burden of making such a showing. *See, e.g., Romero*, 480 F.3d at 1247; *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978). The showing required is "a particular and specific demonstration of fact." *Garrett*, 571 F.2d at 1326 n.3. "[S]tereotyped and conclusory statements" of harm are not sufficient. *Romero*, 480 F.3d at 1247. The fact that the information was designated confidential under a protective order is immaterial. (Doc. 22 at 22-23). Likewise, individual concerns about protection from reputational embarrassment are not compelling.

---

[1] The single exception is a copy of the minutes of a closed meeting of the OPTN/UNOS Membership and Professional Standards Committee cited in Plaintiffs' Renewed Motion for Preliminary Injunction (Doc. 216-1 at ECF pgs. 46-47 (text pgs. 37-38)) and filed with the Court under seal on December 31 (Doc. 251-1 at 282-89). Plaintiffs have no objection to redacting from these minutes prior to unsealing the discussion on page 2 of the minutes (Doc. 251-1 at 283) of the rejection of conditional approval of two intestine transplant programs as well as the entirety of the minutes' exhibit (Doc. 251-1 at 286-89).

*See, e.g.*, *Jackson v. Deen*, 959 F. Supp. 2d 1346 (S.D. Ga. 2013).[2]  Rather, as the

Circuit indicated in *Romero*, 480 F.3d at 1246, *citing* Arthur R. Miller,

*Confidentiality, Protective Orders, and Public Access to the Courts*, 105 Harv. L.

Rev. 427, 464-74 (1991), that protection should be reserved for "intensely personal

and confidential information, such as medical records, marital information,

religious documents, financial records, and even trade secrets or intellectual

---

[2] In an earlier order, the *Deen* Court cited for this proposition the following authority:

> "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *United States v. Big Leggins*, 375 F. App'x 692, 693 (9th Cir. 2010) (quotes, alteration and cite omitted); *Milam v. Dominick's Finer Foods, Inc.*, 567 F.3d 830, 831 (7th Cir. 2009) (unsealing of affidavit submitted in support of plaintiffs' motion to set aside dismissal because of excusable neglect was warranted on appeal of judgment in favor of defendants, even if affidavit would potentially cause embarrassment and affect counsel's personal and professional reputation by disclosing personal matters); *United States v. Foster*, 564 F.3d 852, 855 (7th Cir. 2009) (risk of embarrassment and effect on plaintiff counsel's personal and professional reputation by disclosing personal matters was not a sufficient reason to maintain secrecy of affidavit submitted under seal to support motion to set aside dismissal for excusable neglect, even though plaintiffs claimed that grant of motion to set aside dismissal was not an issue on appeal; just what the neglect entailed and why it was excusable were questions in which public had legitimate interest and defendants needed to address issue of whether prior motion was relevant to appeal); *Huntington Nat. Bank v. Greenwood Place, LP*, 2012 WL 692601 at * 3 (S.D. Ind. Mar. 2, 2012) ("potential embarrassment to a stakeholder in a lawsuit does not warrant maintaining information under seal.").

*Deen*, 2013 WL 1911445, at *2, *citing Deen*, 2013 WL 2027398 at *14 n.21.

property." 105 Harv. L. Rev. at 465-66.  Again, there is no such information in the briefs and accompanying material now under seal in this case.

Further, even where a party has made a cognizable showing that "clearly defined and serious injury" would result from disclosure, the cases are adamant that this does not end the inquiry.  The law is clear, as the Court reiterates in its Standing Order, that even a demonstrated legitimate interest of any party in keeping information confidential must be balanced against "the public's 'interest in obtaining access'" (Doc. 22 at 22).  Here, that public interest is undeniably immense.

As the Court noted in its order deciding Plaintiffs' motions, "this is a difficult and wrenching case" raising "extraordinarily complex and compelling issues" that "extend beyond the contours of this case."  (Doc. 261 at 4, 99).  At issue is a seismic change in national organ policy that will affect the lives of thousands annually.  Under challenge is the manner in which that policy was developed by a federal agency and its contractor.  The briefs and accompanying materials—and now the Court's decision—all directly relate to those very public issues.

To the extent there are any legitimate privacy or other interests implicated by disclosure—again, none of which are apparent—the potential private benefit to

be derived from those interests simply pales in comparison to the public interest in disclosure.  *See, e.g.*, *F.T.C. v. AbbVie Prods. LLC,* 713 F.3d 54, 70-71 (11th Cir. 2013); *Newman v. Graddick*, 696 F.2d 796, 801 (11th Cir. 1983) ("[O]pen proceedings may be imperative if the public is to learn about the crucial legal issues that help shape modern society. Informed public opinion is critical to effective self-governance.").

## CONCLUSION

For the foregoing reasons, all the briefs and accompanying materials now under seal in this matter—specifically, Docs. 249, 251, 256, 257 and 259—should be unsealed forthwith.

Dated:  January 22, 2020                    Respectfully submitted,

                                            */s/ Peter C. Canfield*
                                            Peter C. Canfield
                                                Ga. Bar No. 107748
                                            Meredith C. Kincaid
                                                Ga. Bar No. 148549
                                            JONES DAY
                                            1420 Peachtree Street, N.E., Suite 800
                                            Atlanta, GA  30309
                                            Telephone: 1.404.521.3939
                                            Facsimile:  1.404.581.8330

John M. Majoras                             Will R. Taylor
*Admitted pro hac vice*                     *Admitted pro hac vice*
JONES DAY                                   JONES DAY
51 Louisiana Avenue, N.W.                   717 Texas, Suite 3300
Washington, D.C. 20001                      Houston, Texas 77002
Telephone: 1.202.879.3939                   Telephone: 1.832.239.3939
Facsimile: 1.202.626.1700                   Facsimile: 1.832.239.3600

Glenn L. Krinsky                            Courtney A. Carrell
*Admitted pro hac vice*                     *Admitted pro hac vice*
JONES DAY                                   JONES DAY
555 South Flower Street, 50th Floor         2727 North Harwood Street
Los Angeles, CA  90071                      Dallas, Texas 75201
Telephone:  1.213.243.2540                  Telephone: 1.214.969.3705
Facsimile:  1.213.243.2539                  Facsimile: 1.214.969.5100

                                            *Counsel for Plaintiffs*

## <u>LOCAL RULE 5.1 CERTIFICATION</u>

I hereby certify that the foregoing has been prepared in Times New Roman 14 point font in accordance with Local Rule 5.1.

Dated: January 22, 2020                    Respectfully submitted,

                                           JONES DAY

                                           */s/ Meredith C. Kincaid*
                                           *Counsel for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on January 22, 2020, I have caused a copy of the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Meredith C. Kincaid*
*Counsel for Plaintiffs*
