IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RANDALL CALLAHAN, *et al.*, : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | |
| : | |
| UNITED STATES DEPARTMENT OF : | CIVIL ACTION NO. |
| HEALTH AND HUMAN SERVICES : | 1:19-CV-1783-AT |
| through ALEX M. AZAR II in his : | |
| official capacity as Secretary of the : | |
| United States Department of Health : | |
| and Human Services, : | |
| : | |
| Defendants. : | |

## **ORDER**

This matter is before the Court on Plaintiffs' Motion to Expedite Briefing and Consideration of Motion for Summary Judgment [Doc. 265]. Plaintiffs seek to expedite briefing on Motion for Summary Judgment, filed on January 30, 2020 [Doc. 264]. Plaintiffs seek summary judgment on their claim that Defendant HHS improperly "approved the Acuity Circles Policy and has permitted the OPTN to implement it without HHS first referring it to the Advisory Committee on Organ Transplantation and for publication in the Federal Register for public comment," which is Count I of the Complaint. (Br. at 264-1).

As an initial matter, the Court, on January 21, 2020, dismissed Count I of the Complaint based on the holding of the Eleventh Circuit in Plaintiffs' earlier appeal. (Doc. 262). While the posture of the case was an appeal of a denial of preliminary injunctive relief, the Eleventh Circuit reached its ultimate conclusion as to Count I as a matter of law. (Docs. 243, 244 ("Mandate")). In the Court's view, there was no alternative but to dismiss Count I upon receipt of the Mandate that only remanded Counts II and III, not Count I, for consideration by this Court, as well as in light of Defendants' pending Motion to Dismiss (Doc. 83).[1]

As such, the Court finds the motion and attached brief bewildering. If Plaintiffs disagree with the Court's interpretation of the Eleventh Circuit's Mandate, they are free to move for reconsideration of the Court's January 21, 2020 Order. However, until such time, the Motion to For Summary Judgment, and by extension to Expedite Briefing, are not properly before the Court.

(continued on following page)

---

[1] As noted, the Eleventh Circuit's remand was limited to Counts II and III of the Complaint. *Callahan v. United States Dep't of Health & Human Servs. through Alex Azar II*, 939 F.3d 1251, 1266 (11th Cir. 2019) ("For the foregoing reasons, we hold that plaintiffs have not shown a substantial likelihood of success on the merits of their first claim—their allegation that the Secretary failed to follow legally required procedures under 42 C.F.R. § 121.4(b) during the new liver-allocation policy's development. *We also hold, however, that the district court should decide plaintiffs' remaining claims—their APA-based arbitrary-and-capricious claim and their Fifth Amendment Due Process claim—in the first instance.*") (emphasis added).

Accordingly, the Motion for Summary Judgment [Doc. 264] and Motion to Expedite Briefing and Consideration of Motion for Summary Judgment [Doc. 265] are **DENIED AS MOOT**.

**IT IS SO ORDERED** this 3rd day of February, 2020.

_____
**Amy Totenberg**
**United States District Judge**