IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RANDALL CALLAHAN, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:19-cv-1783-AT |
| UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES through XAVIER BECERRA in his official capacity as Secretary of the United States Department of Health and Human Services, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER OF APPOINTMENT OF SPECIAL MASTER**

The Court held a teleconference in this matter on January 21, 2022. (Doc. 373.) Afterwards, at the direction of the Court, the parties submitted a Joint Discovery Statement on January 28, 2022, (Doc. 374), and the Court held a follow-up teleconference on February 23, 2022, (Doc. 376). At the latter of these two teleconferences, the Court discussed its views regarding some of the substantive disputes raised. This guidance should guide the parties' discussions and actions moving forward. The Court also addressed some of the major challenges in the pending discovery dispute, particularly given the significant differences in the parties' respective positions regarding the scope of document production authorized by the Court's Rule 56(d) Order and the alleged burden of producing

those documents. The parties still have not been able to resolve all of their disputes, despite filing a lengthy Joint Discovery Statement, spanning over 40 pages of briefing and over 200 pages of exhibits, and discussing their respective positions with the Court in an hour and a half follow-up teleconference.

In the Court's view, as shared with counsel, a special master's appointment in this case would significantly expedite resolution of the ongoing discovery disputes. These ongoing disputes are impeding progression of this complex case of public importance. For these reasons, the Court intends to appoint Carlos A. González ([www.gonzalez-law.com](www.gonzalez-law.com)), a highly experienced and qualified special master and mediator, to serve as Special Master in this matter, pursuant to Rule 53 of the Federal Rules of Civil Procedure pursuant to an appropriately tailored appointment order.

The Court furnished the parties with a draft version of this Order of Appointment of the Special Master on February 28, 2022 for comment and has not received any objections to the terms of the Order. Accordingly, the Court **APPOINTS** Carlos A. González as special master, pursuant to Rule 53(a)(1)(C) of the Federal Rules of Civil Procedure and subject to the provisions of this Order. The Court hereby **ORDERS** as follows:

(1) Mr. González shall serve as special master ("Special Master") in this case and shall discharge the following overall duties: (a) the Special Master shall mediate, resolve and, when necessary, issue reports and recommendations ("R&Rs") regarding discovery and privilege disputes arising in this matter with

2

respect to the Rule 56(d) discovery phase, and take other proactive measures as necessary to resolve such disputes during this limited phase of discovery efficiently and fairly.

(2) The Special Master shall reasonably determine the appropriate procedures for resolution of all assigned matters after consultation with the parties and shall have the authority to take all appropriate measures to perform the assigned duties with such exceptions to procedure as set forth below.

(3) Discovery disputes shall be governed as follows:

> a) The Special Master shall take reasonable steps to resolve the discovery disputes informally through direct discussions with counsel and as necessary with the parties in the presence of their counsel. The goal of this informal stage is to obviate the need to file formal discovery motions and briefs, and thereby save the parties time and money.
>
> b) If the Special Master is unable to resolve the discovery dispute informally, he will then direct the party wishing to raise the discovery dispute to file a motion specifying the relief sought and the basis for that relief in accordance with LR 37.1, N.D. Ga., except that the Special Master may modify the form requirements of LR 37.1(1)–(5), N.D. Ga. as appropriate to most efficiently present the discovery dispute for resolution. The Special Master shall also be authorized to impose abbreviated time frames for any briefs required.

c) Upon consideration of any discovery dispute raised and briefed in accordance with the procedures set forth herein, the Special Master shall enter a R&R setting forth the decision and basis for the decision in sufficient detail to permit the Court's review under Fed. R. Civ. P. 53(f).  In his discretion, the Special Master may provide an R&R to the parties before filing it with the Court if he believes that in doing so it may lead to the resolution of the discovery issue.

d) The Special Master may adopt procedures necessary to facilitate the efficient and prompt resolution of the discovery disputes entrusted to his consideration. Any such procedures shall be consistent with due process, the Federal Rules of Civil Procedure, and the Court's Local Rules and shall be discussed with counsel in advance, and counsels' concurrence should be sought.

(4) The Special Master is directed to proceed with all reasonable diligence to complete the tasks assigned by this Order.

(5) Pursuant to Rule 53(a)(2) and 53(b)(3), the Special Master has filed an affidavit with this Court that states that he/she has no relationship to the parties, counsel, action, or Court that would require disqualification of a judge under 28 U.S.C. § 455.  During the course of these proceedings, the Special Master and the parties shall notify this Court immediately if they become aware of any potential grounds that would require disqualification.

(6) The parties and the Special Master may not communicate on an *ex parte* basis, other than (a) as part of any dispute mediation activity, with prior notice to all parties, or (b) for minor administrative matters. The Special Master, however, may contact the Court on an *ex parte* basis to discuss any matters relevant to this case.

(7) The Special Master shall file with the Clerk all reports or orders.

(8) The Special Master shall maintain orderly files consisting of all documents submitted to him/her by the parties and of any of his/her written orders, findings, and/or recommendations. The Special Master shall file any written orders, findings, and/or recommendations with the Court via Electronic Case Filing ("ECF"). Such filing shall constitute service in accordance with LR 5.1(A), N.D. Ga.

(9) The Court's action on any written orders, findings, and/or recommendations of the Special Master shall be reviewed and handled in accordance with Fed. R. Civ. P. 53(f).

(10) Any party seeking review of any ruling of the Special Master shall comply with the procedures and within the time limits specified in Fed. R. Civ. P. 53(f), except as provided herein or as otherwise directed by the Court.

(11) The Court has considered the fairness of imposing the likely expenses on the parties and has taken steps to protect against unreasonable expense or delay. Currently, all discovery disputes before the Court solely involve Plaintiffs and Defendant UNOS/OPTN and therefore, the fee arrangements here solely apply

5

to these specific parties which shall be required to pay the fees on an equal basis. Pursuant to Rule 53(g), the Special Master shall be compensated at the rate of $600 per hour for work done pursuant to this Order and shall be reimbursed for all reasonable expenses incurred. Total fees shall not exceed $24,000 without the approval of the Court. Any change in the compensation rate or compensation method must be approved by the Court. The Special Master shall not charge for travel time, but shall charge for travel expenses to the extent they are incurred. The Special Master shall provide an invoice for his services to all the parties on a monthly basis and those bills shall be promptly paid on an equal basis. The Special Master's fees and expenses shall be allocated evenly between the Plaintiffs' side and UNOS's side, with 50% allocated to Plaintiffs and 50% allocated to UNOS.

**IT IS SO ORDERED** this 10th day of March, 2022.

**AMY TOTENBERG**
**UNITED STATES DISTRICT JUDGE**