IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RANDALL CALLAHAN, et al., )<br>　Plaintiffs, )<br>　　　v. )<br>UNITED STATES DEPARTMENT )<br>OF HEALTH AND HUMAN )<br>SERVICES, et al. )<br>　Defendants. ) | CIVIL ACTION NO.<br>1:19-cv-1783-AT |

## MOTION TO UNSEAL

Plaintiffs respectfully move the Court to unseal their August 30, 2023 Sealed Notice in Response to the Court's Order of September 30, 2021 (Doc. 385), including the exhibits thereto (Docs. 385-1 through 385-13).

## ARGUMENT

The law in this Circuit—and this case—is well established. "The common-law right of access to judicial proceedings is 'an essential component of our system of justice' and 'instrumental in securing the integrity of the process.'" *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1361 (11th Cir. 2021) (quoting *Chi. Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001)).  This public right of access attaches to any substantive pleading, such as

Plaintiffs' Sealed Notice, that is "presented to the court to invoke its powers or affect its decisions." *Callahan*, 17 F.4th at 1362 (internal quotation omitted). And the right likewise attaches to discovery material—here, specifically, Ex. A (Doc. 385-1) (HHS & UNOS documents), Ex. B (Doc. 385-2) (B. Shepard deposition excerpts) and Ex. C (Doc. 385-3) (A. Glazier deposition excerpts)—filed in support. *Id*.

Discovery materials filed in support of a *discovery* motion are not subject to the public right of access. *Callahan*, 17 F.4th at 1361-62. But Plaintiffs' Sealed Notice is not a discovery motion. The Notice asks the Court, based on the exhibits of UNOS-produced discovery and other materials submitted in support, to reopen briefing on the pending defense motions for summary judgment, permit Plaintiffs to file their own summary judgment motion and supplement the administrative record. (Doc. 385 at 2-17). Further, the Notice informs the Court that, in direct contradiction of its Orders, key UNOS-HHS communications among this material had been wrongly withheld from Plaintiffs and the administrative and court record in 2019 at the time of the Court's consideration of Plaintiffs' request for injunctive relief and in proceedings since—conduct that the Notice asserts deserves Court inquiry and sanction (*id*. at 2, 17-20).

The Notice's exhibits, including the UNOS discovery materials, are important to the Court's understanding and evaluation of each of the Notice's requests. (*See* Doc. 385 *passim*). This includes, not surprisingly, the request for supplementation of the administrative record and, accordingly, reference to the Notice and its exhibits is essential to the Court's evaluation of the brief on that issue that Plaintiffs have filed at the Court's direction earlier today. (Doc. 390).

As the Notice and its exhibits are judicial records subject to the public right of access, they must be unsealed absent a showing of "good cause" for non-disclosure. *Callahan*, 17 F.4th at 1363. And here, no such showing may be made. Like the documents at issue in the prior Eleventh Circuit appeal in this action, the UNOS-produced documents submitted in support of Plaintiffs' Notice:

> involve policymaking on a topic of genuine public concern, and do not contain proprietary information or trade secrets that require protection.[1] Nor is there any suggestion that the emails are fraudulent; UNOS itself produced the communications. To be sure, UNOS's eagerness to keep the documents secret is understandable; we are certain that these are not the first litigants to wish they had been more circumspect in their emails. But UNOS's reasoning

---

[1] The only UNOS document submitted in support of Plaintiffs' Notice that even arguably contains proprietary information or trade secrets requiring protection is a 4-page July 2018 email chain included in the Notice's Ex. A. *See* Doc. 385-1 at 86. UNOS designated this entire document "Attorney-Eyes Only," presumably because its last three pages (UNOS_0060750 through UNOS_0060752) concern rebidding for the OPTN contract. Plaintiffs seek to unseal only the document's first page (UNOS_0060749).

boils down to a desire to keep indiscreet communications out of the public eye, which is not enough to satisfy our standard for good cause.

*Id*. at 1364.

## **CONCLUSION**

For these reasons, Plaintiffs respectfully request that Plaintiffs be permitted to refile Plaintiffs' Sealed Notice and its Exhibits, except for three pages of one UNOS document, specifically, UNOS_0060750 through UNOS_0060752 (Doc. 385-1 at 87-89), on the public record.

Dated: December 8, 2023

Respectfully submitted,

/s/ *Peter Canfield*
Peter C. Canfield
Ga. Bar No. 107748
CANFIELD LAW LLC
34 Inman Circle N.E.
Atlanta, Georgia 30309
Telephone: 1.678.296.5413

Will R. Taylor
*Admitted pro hac vice*
JONES DAY
717 Texas, Suite 3300
Houston, Texas 77002
Telephone: 1.832.239.3939
Facsimile: 1.832.239.3600

Glenn L. Krinsky
*Admitted pro hac vice*
JONES DAY
555 South Flower Street, 50th Floor
Los Angeles, CA 90071
Telephone: 1.213.243.2540
Facsimile: 1.213.243.2539

Rebecca M. Nocharli
Ga. Bar No. 633621
JONES DAY
1221 Peachtree Street, N.E., Suite 400
Atlanta, GA  30361
Telephone:  1.404.581.3939

*Counsel for Plaintiffs*

## **CERTIFICATE OF COMPLIANCE**

The undersigned certifies, pursuant to Local Rule 5.1(C), that this document has been prepared in Times New Roman, 14 point, as approved by the Court.


Dated: December 8, 2023              /s/ *Peter Canfield*
                                     Peter C. Canfield
                                     *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

In accordance with Local Rule 5.1, I hereby certify that on this day I electronically filed the above MOTION TO UNSEAL with the Clerk of Court using the CM/ECF system which will automatically send e-mail notifications of such filing to all attorneys of record.

Dated: December 8, 2023        /s/ *Peter Canfield*
                               Peter C. Canfield
                               *Counsel for Plaintiffs*