IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RANDALL CALLAHAN, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:19-cv-1783-AT |
| UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES through XAVIER BECERRA in his official capacity as Secretary of the United States Department of Health and Human Services, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER

The Court's Order of July 8, 2024 (Doc. 412) remanded this case to Defendant United States Department of Health and Human Services ("HHS"). Before remand, though, the Court directed Defendants to perform an expanded document review, consistent with the Court's Order, and to assess what additional documents properly should be added to the administrative record. Defendants subsequently requested a substantial extension for performance of this review and assessment, which the Court granted in part. (*See* August 24, 2024 Order, Doc. 414, and August 29, 2024 Order, Doc. 416). Given the current procedural posture of this matter, **IT IS HEREBY ORDERED** that the case is

**ADMINISTRATIVELY CLOSED**[1] until HHS's deadline to inform the Court of its decision on remand. All parties are granted leave to move to re-open the case if necessary. The Clerk is directed to resubmit the matter to the Court on **January 31, 2025**.

**IT IS SO ORDERED** this 3rd day of September, 2024.

_____
**AMY TOTENBERG**
**UNITED STATES DISTRICT JUDGE**

---

[1] Administrative closure of a case is a docket control device used by the Court for statistical purposes. Administrative closure of a case does not prejudice the rights of the parties to litigation in any manner.